2015-1596

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

JACK BARRON,

*Plaintiff-Appellee,*

*v.*

SCVNGR, INC. d/b/a LEVELUP,

*Defendant-Appellant.*

Appeal from the United States District Court for the District of Massachusetts, in Case No. 13-cv-40084-TSH, Judge Timothy S. Hillman.

## BRIEF OF DEFENDANT-APPELLANT
## SCVNGR, INC. d/b/a LEVELUP

BRIAN C. CARROLL
General Counsel
SCVNGR, Inc. d/b/a LevelUp
101 Arch Street, Suite 400
Boston, MA 02110
(617) 279-2133
bcarroll@thelevelup.com

PHILIP C. SWAIN
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02120
(617) 832-1000
pswain@foleyhoag.com

*Attorneys for Defendant-Appellant*
*SCVNGR, Inc. d/b/a LevelUp*

June 29, 2015

# CERTIFICATE OF INTEREST

Counsel for the Defendant-Appellant SCVNGR, Inc. d/b/a LevelUp certifies the following:

1. The full name of every party or amicus represented by me is: SCVNGR, Inc. d/b/a LevelUp.

2. The name of the real party in interest represented by me is: SCVNGR, Inc. d/b/a LevelUp

3. Pursuant to Federal Rule of Appellate Procedure 26.1, and Federal Circuit Rules 26.1 and 47.4, SCVNGR, Inc. d/b/a LevelUp states that it does not have a parent corporation and that no publicly held corporation owns more than 10% of SCVNGR, Inc.'s stock.

4. The names of all attorneys, law firms, and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this Court are:

BRIAN C. CARROLL, General Counsel
**SCVNGR, Inc. d/b/a LevelUp**
101 Arch Street, Suite 400
Boston, MA 02110
(617) 279-2133
bcarroll@thelevelup.com

PHILIP C. SWAIN
**FOLEY HOAG LLP**
155 Seaport Boulevard
Boston, MA 02120
(617) 832-1000
pswain@foleyhoag.com

Dated: June 29, 2015

By: */s/ Brian C. Carroll*
Brian C. Carroll

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST…………………………………………………i

TABLE OF AUTHORITIES…………………………………………………iv

STATEMENT OF RELATED CASES…………………………………………1

JURISDICTIONAL STATEMENT……………………………………………2

STATEMENT OF THE ISSUES………………………………………………3

INTRODUCTION………………………………………………………………3

STATEMENT OF THE CASE…………………………………………………5

STATEMENT OF FACTS………………………………………………………7

    A.   LevelUp……………………………………………………………7

    B.   The LevelUp Service and Apps………………………………………7

    C.   The '873 Patent……………………………………………………9

    D.   Barron's Threats of Expensive Litigation
        and Settlement Demands...……………………………………………11

    E.   The Summary Judgment Proceedings….……………………………12

    F.   LevelUp's Post-Judgment Motions…………………………………14

    G.   Barron's False Representations in Opposition to
        LevelUp's Motion Pursuant to 35 U.S.C. § 285...……………………14

    H.   Barron's Appeal of the Summary Judgment Ruling…………………..16

    I.   District Court Order Denying Attorney Fees and Discovery…………17

SUMMARY OF THE ARGUMENT……………………………………………18

ARGUMENT……………………………………………………………………20

    A.   Standard of Review…………..……………………..……………...20

    B.   Section 285 of the Patent Act…………..…………………………20

    C.   The District Court Abused its Discretion by Concluding that
        Barron's Infringement Claim Was Not "Objectively Baseless"...……22

           1.   The Court Improperly Compared the Accused Product
               to the Patent Specification………………………………...24

2.    The Court Improperly Determined "Plausibility" of
Barron's Claim Without Reference to Claim Elements..........26

3.    The Court Applied an Incorrect Formulation for "Objective
Baselessness"……………………………………………..27

4.    The Court Improperly Relied on Barron's Pending Appeal
as Evidence of an Objective Basis…………………………..27

5.    The Legal Precedent Cited by the Court Further Illustrates its
Abuse of Discretion………………………………………28

D.  The District Court Abused its Discretion by Relying on a Lack of
Evidence Concerning Barron's Subjective Intentions……………..31

1.    The Court Ignored that Barron Falsified His Alleged
Pre-Filing Investigation……...……………………………31

2.    The Court Abused its Discretion by Relying on a Lack of Evidence
Demonstrating Barron's Actual Knowledge……………………...33

3.    The Court Further Abused its Discretion by
Weighing Subjective Factors Over Objective Evidence…………35

E.   The District Court Improperly Weighed "Deterrence" as the
"Most Significant" Factor Under Section 285……...………………...36

F.   Barron Does Not Dispute the Reasonableness of the
Fees and Costs Requested by LevelUp…...…………………………39

G.   The District Court Abused its Discretion by Denying LevelUp's
Motion for Limited Discovery…...…………………………………39

CONCLUSION AND STATEMENT OF RELIEF SOUGHT…………………...41

CERTIFICATE OF SERVICE………………………………………………44

CERTIFICATE OF COMPLIANCE………………………………………...45

# TABLE OF AUTHORITIES

**Supreme Court Decisions**

*Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920 (2015)…………………..36

*Highmark Inc. v. Allcare Health Mgmt, Sys., Inc.*, 134 S. Ct. 1744 (2014)………20

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
    134 S. Ct. 1749 (2014)……………………....4, 5, 19, 21, 27, 33, 34 35, 37

*Prof. Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*,
    113 S. Ct. 1920 (1993)…………………….…………………………... 23, 27

**U.S. Court of Appeals Decisions**

*Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336 (Fed. Cir. 2002)……….25

*Bai v. L & L Wings, Inc.*, 160 F.3d 1350 (Fed. Cir. 1998)………………………..22

*Biax Corp. v. Nvidia Corp.*, No. 2013-1649, 2015 WL 755940
    (Fed. Cir. Feb. 24, 2015)…………………………………………………...23

*Eltech Sys. Corp. v. PPG Indus., Inc.*, 903 F.2d 805 (Fed. Cir. 1990)…..……33-34

*Eon–Net LP v. Flagstar Bancorp*, 653 F.3d 1314 (Fed. Cir. 2011)………………35

*Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*, 687 F.3d 1300
    (Fed. Cir. 2012)……………………………………………………………23

*Homeland Housewares, LLC v. Sorenson Res. & Dev. Trust*,
    581 Fed. Appx. 877 (Fed. Cir. 2014)…………………………………..29-30

*Kilopass Tech., Inc. v. Sidense Corp.*, 738 F.3d 1302
    (Fed. Cir. 2013)…………………………...……21, 22, 23, 27, 33, 34 35, 38

*Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179 (1st Cir. 1989)……………20, 41

*Mathis v. Spears*, 857 F.2d 749 (Fed.Cir.1988)…………………………………..21

*Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prods.*, No. 2014-1174
    2015 WL 3893711 (Fed. Cir. Jun. 25, 2015)…………………………..21, 35

*Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361
    (Fed. Cir. 2012)……………………………………………………………24

iv

**U.S. District Court Decisions**

*EON Corp. IP Holdings LLC v. Cisco Sys. Inc.*, No. 12-CV-01011-JST
　　2014 WL 3726170 (N.D. Cal., July 25, 2014)……………………..……28

*Pure Fishing, Inc. v. Normark Corp.*, No. 10-CV-2140-CMC,
　　2014 WL 223096 (D.S.C. Jan. 21, 2014)…………………..……………29

*TNS Media Research, LLC v. TiVo Research & Analytics, Inc.*, No.
　　11 CIV. 4039-SAS, 2014 WL 5639930 (S.D.N.Y. Nov. 4, 2014)…………29

**Statutes**

35 U.S.C. § 285………………………………………………………….*passim*

## STATEMENT OF RELATED CASES

An appeal in this same civil action was previously before this Court, taken by the plaintiff-patentee, Jack Barron. The caption and number of that appeal was: *Jack Barron v. SCVNGR, Inc. d/b/a LevelUp*, No. 2014-1708.

On March 6, 2015, a panel of this Court (Dyk, Schall, and Chen, JJ.) issued a judgment pursuant to Federal Circuit Rule 36 in favor of defendant-appellant SCVNGR, Inc. d/b/a LevelUp ("LevelUp") affirming the district court's July 7, 2014 entry of summary judgment of non-infringement.

LevelUp's counsel are unaware of any other case pending in this Court or any other court that will directly affect or be directly affected by this Court's decision in this appeal.

## JURISDICTIONAL STATEMENT

The district court had jurisdiction over this patent case pursuant to 28 U.S.C. §§ 1331 and 1338(a). On April 21, 2015, the district court entered the order that is the subject of this appeal, in which the district court denied motions by LevelUp for: (i) attorney fees and costs under 35 U.S.C. § 285; and (ii) limited discovery in support of its motion for attorney fees and costs. On April 23, 2015, LevelUp filed a timely notice of appeal from the district court's order, which constitutes a final order or judgment. This Court has jurisdiction under 28 U.S.C. § 1295(a)(1).

## STATEMENT OF THE ISSUES

Whether the district court abused its discretion by failing to find the case "exceptional" pursuant to 35 U.S.C. § 285, by denying an award of attorney fees and costs to LevelUp, and/or by denying LevelUp's related and unopposed motion for limited discovery.

## INTRODUCTION

Defendant-Appellant SCVNGR, Inc. d/b/a LevelUp ("LevelUp") offers a mobile payments platform and smartphone applications that allow customers to initiate payments at retail point-of-sale terminals by scanning quick-response codes (or "QR codes") displayed on their mobile phones.

Plaintiff-Appellee Jack Barron ("Barron") is the purported inventor and owner of U.S. Patent No. 7,499,873 ("the '873 patent"). The patent claims methods of delivering messages to financial transaction terminals.

Barron's July 2013 complaint for patent infringement against LevelUp stood out as exceptionally frivolous, even amidst an increasing trend in patent litigation abuses against technology companies. LevelUp's mobile payment applications are the very antithesis of the methods claimed in the '873 patent. For example, the patent explains that the invention delivers messages to financial "transaction terminals" as a way to reach persons that *do not* have cellular phones or internet access. A.17 at 3:55-4:2. By contrast, LevelUp *only* sends messages to users via

the internet, to their personal cellular phones and email. A.114.[1]

Days after answering Barron's complaint, LevelUp moved for summary judgment of non-infringement, based solely on publicly observable facts concerning the LevelUp service. In response to the motion for summary judgment, Barron did not submit any evidence, did not dispute any statement of fact, did not submit a counter-statement of facts, did not request (formally or informally) any discovery of LevelUp, and did not dispute LevelUp's proposed claim construction. Barron's counsel did, however, request that LevelUp pay to dismiss the action.

The district court granted LevelUp's motion for summary judgment prior to any scheduling conference and before any discovery. This Court issued judgment (under Federal Circuit Rule 36) affirming summary judgment in favor of LevelUp. Subsequently, however, the district court failed to apply properly the Supreme Court's holding in *Octane Fitness v. ICON Health & Fitness* when considering LevelUp's motion for attorney fees and costs pursuant to 35 U.S.C. § 285. 134 S. Ct. 1749 (2014). The district court, after agreeing that the case was both "meritless" and "unusual," employed flawed reasoning to achieve the conclusion that Barron's claim was not "exceptional." The court: (i) failed to identify any objective basis for Barron's claim; (ii) ignored evidence of subjective bad faith, including that Barron falsified his alleged pre-filing investigation; and (iii)

_____

[1] Citations to A.## refer to the Joint Appendix submitted herewith.

weighed "most significantly" the fact that Barron is not a "patent-assertion entity." Finally, the court provided no explanation for its denial of LevelUp's unopposed motion to conduct limited discovery concerning Baron's subjective intent.

Because the district court abused its discretion by failing to consider and weigh properly the factors relevant to the *Octane Fitness* framework, this Court should reverse the district court's decision, hold this case to be "exceptional" under 35 U.S.C. § 285, and order an award of $84,447.56 to LevelUp to compensate its reasonable attorney fees and costs (the amount is not in dispute). Alternatively, this Court should vacate the district court's order and remand for further proceedings, including limited discovery by LevelUp.

## STATEMENT OF THE CASE

On July 10, 2013, Barron filed his complaint for patent infringement against LevelUp, in which he asserted that LevelUp infringed unspecified claims of the '873 patent. On August 2, 2013, LevelUp answered the complaint and counterclaimed for declaratory judgment of non-infringement (Count I)[2] as to all patent claims. Barron answered LevelUp's counterclaim on August 28, 2013.

Less than a week later, on September 3, 2013, LevelUp moved for summary judgment of non-infringement. LevelUp supported its motion with a single

---

[2] LevelUp also asserted a counterclaim seeking declaratory judgment of invalidity (Count II).  On December 17, 2014, the parties filed a stipulation of dismissal without prejudice with respect to this counterclaim, which had become moot.

declaration and a short statement of ten material facts (A.63-64). In response to LevelUp's motion, Barron did not submit any declaration or other evidence, did not dispute any statement of material fact (A.75), did not submit a counter-statement of facts, and did not request (formally or informally) any discovery of LevelUp. Barron also did not object to LevelUp's proposed claim construction. A.113 (Order) ("Plaintiff has not offered its own claim construction…").

On July 7, 2014, the court granted LevelUp's motion and entered summary judgment in its favor. A.116. On July 23, 2014, LevelUp moved pursuant to 35 U.S.C. § 285 to have the court declare the case "exceptional" and award LevelUp $84,447.56 in attorney fees and costs. Although Barron opposed LevelUp's motion, Barron did not dispute the reasonableness of the amount of fees requested.

At the same time, LevelUp also moved, alternatively, for leave to conduct limited discovery related to its motion for attorney fees and costs. Barron did not oppose LevelUp's motion for discovery.

On August 5, 2014, Barron filed a notice of appeal to this Court of the entry of summary judgment. On March 4, 2015, a panel of this Court (Dyk, Schall, and Chen, JJ) heard oral argument.[3] Less than forty-eight hours later, on March 6, 2015, this Court entered judgment pursuant to Federal Circuit Rule 36 affirming

---

[3] Barron's lead counsel, John Mirick, of Mirick, O'Connell, DeMallie & Lougee, LLP, did not appear for Barron at the panel hearing. At the hearing, an associate of Mr. Mirick's firm, David Fine, argued on behalf of Barron.

the entry of summary judgment in favor of LevelUp. A.596.

On April 21, 2015, the district court issued a memorandum and order denying LevelUp's motion pursuant to 35 U.S.C. § 285 and LevelUp's unopposed motion for discovery. A.1-5.

## STATEMENT OF FACTS

The factual record in this action is limited, as judgment entered prior to any discovery by either party. The facts at summary judgment were undisputed, consisting of a single declaration from LevelUp. A.38-40. The parties each submitted declarations of counsel in connection with the post-judgment motions.

### A.    LevelUp

LevelUp is a Boston-based technology startup in the field of mobile payments. More specifically, LevelUp offers a service and smartphone applications that allow users to pay for goods at retail merchant point-of-sale ("POS") terminals by scanning a two-dimensional bar code (a "QR code") displayed on their mobile phone. A.38, ¶ 2. LevelUp users redeem merchant rewards and discounts, and earn future loyalty rewards, automatically when paying with LevelUp.

### B.    The LevelUp Service and Apps

In order to make a purchase using the LevelUp service, a user presents a QR code (*see* Figures 1 and 2, below), which is scanned optically by a LevelUp scanner connected by wire to a merchant's POS terminal. A38 (Boch Decl.), ¶ 2.



*Fig. 1: LevelUp app displaying a QR code*



**FIG . 2:** *LevelUp scanner reading a QR code from a mobile phone*



*Fig. 3: LevelUp app displaying a received push notification receipt*

The LevelUp QR code can be presented on a display screen of a computing device running a LevelUp application, such as a smartphone, or on a printed card. *Id.*

After scanning the two-dimensional bar code, the merchant enters the amount of the purchase transaction in the POS terminal. A.39 at ¶ 3. The POS terminal transmits the information encoded in the LevelUp QR code, and the amount of the purchase, via a secure internet connection to a LevelUp transaction server. *Id.* at ¶ 4. The LevelUp transaction server uses the QR code to retrieve the user's stored credit/debit account information,[4] and submits the financial transaction for authorization by the user's card-issuing institution. *Id.* at ¶ 5.

Following a LevelUp purchase, LevelUp sends a receipt message to the user via the internet, which the user receives: (1) via email; and/or (2) as a push

---

[4] LevelUp does not actually store credit or debit card information. LevelUp uses a secure and patented tokenization process to communicate with a third-party data vault and payment gateway in order to submit charges to user credit/debit cards.

8

notification message within a LevelUp app on an internet-connected device (*see* Fig. 3, above). *Id*. at ¶ 6. Significantly, LevelUp **never** communicates messages to users at the merchant POS terminal, or at the LevelUp scanner, at which the transaction was conducted. A.40 (Boch Dec.), ¶¶ 9-10. Indeed, the LevelUp scanner is incapable of displaying messages. *Id*.

### C.  The '873 Patent

The '873 patent, entitled "*Communication Through a Financial Services Network*," relates to the concept of communicating messages from a sender to "a recipient having access to a transaction terminal, such as a point-of-sale (POS) terminal or automatic teller machine (ATM) terminal." A.16 ('873 patent) at 1:6-11. The '873 patent explains that the claimed invention seeks to solve a problem of traditional message networks (such as telephone networks and the internet) that require message recipients "to have access to an addressable communications device," such as a mobile phone. *Id*. at 1:39-41. The patent then explains that financial networks, such as those provided by Master Card and Visa for credit and debit transactions, may alternatively be used to deliver messages. *Id*. at 1:46-57.

Accordingly, the patent concludes that, by communicating messages over financial networks to "transaction terminals," such as ATM or POS terminals, the invention provides a means by which "a message can be transmitted to a traveler or other person **who does not have access to a conventional landline or cellular**

9

*telephone*, or to an internet–connected computer or other conventional

communication device." A.17 ('873 patent) at 3:56-59 (emphasis added); *see also*

*id*. at 3:60-4:2 (The invention "allow[s] recipients to be reached in locations where

conventional telephone, cellular phone or text messaging services do not reach.").

   All five independent claims of the '873 patent (1, 9, 10, 18, and 20) include

limitations requiring that a message must be delivered to a recipient at a

"transaction terminal," at which a financial transaction was performed. Claim 1 is

representative:

> 1. A method of communicating a message from a sender
> to a recipient in possession of a unique identifier by use of
> which the recipient can perform a financial transaction at
> a *transaction terminal*, the method comprising:
>
>> receiving the message from the sender, the message
>> including a reference to the unique identifier;
>>
>> storing the message in a computer memory;
>>
>> performing the financial transaction at the *transaction
>> terminal*, using the unique identifier;
>>
>> detecting performance of the financial transaction at
>> the *transaction terminal*; and
>>
>> transmitting the message from the computer memory
>> in which it is stored to the *transaction terminal* for
>> display to the recipient at the *transaction terminal*,
>> incidental to the financial transaction performed and
>> any message generated in response to performance of
>> the financial transaction, the message being
>> independent of the financial transaction performed.

A.20 ('873 patent) at 9:43-60 (emphases added).

### D.    Barron's Threats of Expensive Litigation and Settlement Demands

In June 2013, Barron sent a letter to LevelUp accusing "the LevelUp system" of infringing unspecified claims of the '873 patent. A56. The letter demanded that LevelUp pay a "royalty and "appropriate monetary recognition" and also warned that, if LevelUp did not pay, "the cost of patent infringement litigation is significant." *Id*. The letter attached a superficial "claim chart" purporting to compare the independent claims of the '873 patent to information from the LevelUp website and YouTube videos. A.57-62. The claim chart does not demonstrate grounds for an infringement claim. *Id*. In several instances, the claim chart fails to identify any component of the LevelUp system corresponding to required claim elements, such as a "transaction terminal" at which a financial transaction is performed. A.58. As to claims 10 and 18 of the patent, the claim chart is almost entirely devoid of substance. A.60.

In July 2013, LevelUp's counsel sent a letter in response to Barron's threat, explaining that LevelUp did not practice any claim of the '873 patent, including because it never sends a message to a "transaction terminal." A.189-190. Barron never responded substantively to LevelUp's July 2013 letter. A.144, ¶ 10.

On August 28, 2013, during a call requested by LevelUp's counsel, Barron's counsel flatly declined to address the substance of Barron's infringement claim. A.145, ¶¶ 12-13. Barron's lead counsel, John Mirick, avoided the discussion by

11

stating that he was "not a patent expert" and was relying on the statements of Mr. Barron and his patent prosecution counsel, Gary Engelson, who "assured him" that there were grounds for asserting infringement. *Id*. Barron's counsel did, however, offer to discuss a resolution of the case if LevelUp was willing to pay. *Id*.

On two further occasions prior to the entry of summary judgment, Barron's counsel likewise refused to discuss the substance of Barron's infringement claim, and instead invited a monetary offer by LevelUp. A.145-46, ¶¶ 15-17.

### E.    The Summary Judgment Proceedings

LevelUp's September 3, 2013 motion for summary judgment was straightforward, and required less than eight pages of briefing. A.27-35. The motion was premised solely on publicly observable features of the LevelUp service, and was supported by a single concise declaration (of Andrew Boch, LevelUp's Vice President of Operations). A.38-40. Although numerous claim elements of the '873 patent claims are lacking from the LevelUp service, LevelUp's motion for summary judgment addressed only a single, dispositive issue:  LevelUp's service sends messages only via the internet (to a cellular phone or by email), and never delivers messages to users at a financial "transaction terminal" as required by every claim of the '873 patent. *See* A.33-35. In connection with its motion, LevelUp proposed that the claim term "transaction terminal" should be construed in accordance with its plain meaning. A.34.

12

In response, Barron did not contest any statement of material fact asserted by LevelUp. A.75. He did not submit his own counter-statement of facts. Barron did not submit any evidence, or any declaration in response to Mr. Boch's declaration. *See* A.110-111 (Order). Barron also did not request any discovery (formally or informally) or move pursuant to Rule 56(d) to delay consideration of LevelUp's motion. A.67-73. Barron also did not oppose LevelUp's proposed claim construction of the term "transaction terminal," but merely suggested that the claimed "transaction terminal" could be "any device." *Id*.; A.113.  Barron's opposition to summary judgment did not address any specific claim of the '873 patent, and did not argue that LevelUp met any claim element other than the term "transaction terminal." Barron's opposition also did not assert any specific theory of direct or indirect infringement. A.67-73.

The district court granted LevelUp's motion for summary judgment on July 7, 2014, and entered judgment in favor of LevelUp the same day. A.116. Based on the undisputed, publicly observable facts, the court explained: "the user's cell phone as used in the LevelUp service does not function as a transaction terminal…. The user's phone never connects to a financial network or communicates transaction information." A.114. Further, to the extent a LevelUp scanner connected to a POS terminal might be considered a "transaction terminal" within the meaning of the '873 patent, LevelUp never communicates messages to

the LevelUp scanner. *Id*.

## F.   LevelUp's Post-Judgment Motions

Following the entry of summary judgment of non-infringement in favor of

LevelUp, on July 23, 2014, LevelUp moved the court pursuant to 35 U.S.C. § 285

to declare the case "exceptional" and award attorney fees and costs in the amount

of $84,447.56. Barron opposed the motion but did not dispute the reasonableness

of the amount of fees requested by LevelUp. A.117-118.

LevelUp also filed a concurrent motion for limited discovery concerning

Barron's subjective intent in bringing the frivolous claim.[5] A.384-386.

Specifically, LevelUp requested leave to propound four interrogatories and four

requests for production, and to conduct a deposition of Mr. Barron. Barron did not

oppose LevelUp's motion for discovery. A.389-393.

## G.   Barron's False Representations in Opposition to LevelUp's Motion Pursuant to 35 U.S.C. § 285

In opposition to LevelUp's motion for attorney fees, Barron argued that his

claim was well founded, and that he diligently investigated LevelUp's alleged

infringement prior to bringing suit. A.396-405. Barron supported his opposition

with declarations from his lead trial counsel, John Mirick, and the attorney who

---

[5] LevelUp contended that the objective baselessness of Barron's claim alone was sufficient to render the case "exceptional," and justify the requested award of fees and costs, but requested discovery to the extent the district court determined that evidence concerning Barron's subjective intent should be considered.

prosecuted the '873 patent, Gary Engelson, of the law firm Patent GC, LLC. Attorney Engelson represented to the district court that he personally "investigated the possibility of infringement" by LevelUp "over the span of approximately six months, from January, 2013 to June, 2013" immediately prior to the filing of Barron's complaint. A.407-409, ¶ 7. Attorney Engelson stated that, as part of his investigation, he "signed up as a customer of LevelUp so [he] could use the system and make personal observations of its functionality." *Id*. He also stated that, based on his investigation, he, along with Barron and Attorney Mirick, "concluded that the LevelUp system infringed." *Id*. at ¶ 10.

Attorney Engelson's sworn declaration, however, was fabricated. LevelUp maintains records of every LevelUp user and every transaction. With its reply brief, LevelUp submitted evidence that Attorney Engelson never used the LevelUp service between January and June 2013. A.419-420. He first registered for the service in June 2012, and made six transactions in June and July 2012. *Id*. Thus, at the time that Barron filed his complaint against LevelUp in July 2013, Attorney Engelson had not actually used the LevelUp service for over a year. The LevelUp scanners (depicted above in Fig. 2) that Barron accused of infringement were first used by LevelUp in March 2013, and therefore had ***never*** been used by Attorney Engelson. *Id*. Mr. Barron himself first used the LevelUp service in September 2013, only after LevelUp filed its motion for summary judgment of non-

infringement. *Id*.

Following LevelUp's reply, Barron submitted a second declaration from his lead trial counsel that abandoned reliance on Attorney Engelson's purported investigation, and instead asserted that yet another attorney, at a third unaffiliated firm, Craig Smith of Lando & Anastasi, LLP, performed the pre-filing investigation of LevelUp for Barron. A.425-426, ¶ 4. Neither Attorney Smith nor Mr. Barron, however, offered any sworn statement concerning their alleged investigation of LevelUp, or their conclusions.

### H.   Barron's Appeal of the Summary Judgment Ruling

Following LevelUp's motion for attorney fees, on August 5, 2014, Barron lodged an appeal to this Court seeking review of the entry of summary judgment. Barron's appeal was as frivolous as his original claim for patent infringement. Barron did not argue any legal error, but instead raised a number of new and equally baseless arguments for the first time. Case No. 14-1708, Dkt. No. 23.

On March 4, 2015, a panel of this Court (Dyk, Schall, and Chen, JJ.) heard oral argument in the case. The Court was immediately skeptical of Barron's claims. For example, after asking Barron's counsel to clarify his infringement contentions, Judge Dyk pressed counsel on three occasions to explain how Barron's contention translated to infringement by LevelUp. A.568-573 (Transcript) at 2:24-3:6 ("Well, how does that impose liability on SCVNGR?"); 3:21-24 ("How

is SCVNGR performing the method?"); 5:5-6 ("But LevelUp is not performing the method, is it?"). Judge Chen pointed out another fatal flaw in Barron's contentions: "Isn't there something in your specification that says the whole point of the invention in the '873 patent was to deliver messages to customers that didn't have cellphones?" *Id*. at 6:21-24.

On March 6, 2015, less than forty-eight hours after the oral argument, the Court issued a judgment pursuant to Federal Circuit Rule 36 affirming the judgment of non-infringement in favor of LevelUp A.596-597.

## I.   District Court Order Denying Attorney Fees and Discovery

On April 21, 2015, the district court issued an order denying LevelUp's motion for attorney fees and costs pursuant to 35 U.S.C. § 285, and further denying LevelUp's unopposed motion for limited discovery. A.1-5.

The order acknowledged that the case was "unusual" (A.3) and that Barron's claim was "meritless" (A.4). Yet the court declined to find Barron's claim to be "objectively baseless" or "***exceptionally***" meritless. A.4 (emphasis original). The court purported to justify its finding by stating only that "the LevelUp mobile app is reasonably similar to that described in the '873 patent."[6] *Id*. The court, however, made no comparison of the LevelUp mobile app to any claim of the '873 patent. The court also cited Barron's appeal of the entry of summary judgment to this

---

[6] As explained above, the '873 patent does not actually describe any mobile app, and is directed to a method used by persons that ***do not*** have a mobile phone.

17

Court as evidence of an objective basis for his claim. *Id*.

The court next addressed the lack of evidence concerning Barron's subjective belief about the claim and his approach to the litigation, concluding that "there is no evidence that Plaintiff or his counsel knew that the claim lacked merit but pursued it anyway." *Id*. In finding that this factor weighed against a fee award, the district court declined to address the apparent falsity of declarations submitted by Barron concerning his pre-filing investigation (*see supra*, pp. 14-16), or any circumstantial evidence probative of Barron's subjective intent. A.4-5.

The court lastly characterized as "most significant," under Section 285, the fact that there was no evidence that plaintiff is a "patent-assertion entity." *Id*.

Finally, although the district court's order declining to find the case "exceptional" relied substantially on the lack of evidence concerning Barron's subjective intent, the district court nevertheless denied LevelUp's unopposed motion for limited discovery on those issues without explanation. A.5.

## SUMMARY OF THE ARGUMENT

Barron's complaint against LevelUp was so exceptionally frivolous that the district court was able to enter summary judgment prior to any scheduling conference, or any discovery. The publicly apparent facts established that the LevelUp service is the antithesis of the method described in the '873 patent. In response to LevelUp's immediate summary judgment motion, Barron did not even

attempt to offer evidence that LevelUp meets any element of any patent claim. He did not seek discovery. He did not dispute any material fact. He also did not dispute the clear, plain-meaning construction of the claims proposed by LevelUp. On these facts, no reasonable person could have expected to succeed on the merits of the claim. Barron's claim was nothing more than an opportunistic and extortionate strike against a successful, local technology company.

The district court abused its discretion, and failed to consider and weigh properly the totality of circumstances as required by *Octane Fitness v. ICON Health & Fitness*, in denying LevelUp's motion to declare the case "exceptional" pursuant to 35 U.S.C. § 285, and for an award of attorney fees and costs. *See* 134 S. Ct. 1749 (2014). The district court failed to consider properly the objective baselessness of Barron's claim, which alone is sufficient to justify an award of fees, and instead cited irrelevant factors to reach a conclusion that the case was objectively justified. The court ignored Barron's apparent falsification of evidence concerning his pre-filing investigation and other circumstantial evidence indicative of his bad faith motivation for the suit. Finally, the court focused improperly on the fact that Barron is an individual, not a "patent-assertion entity," as the "most significant" ground for refusing to find the case "exceptional."

Separately, the district court abused its discretion by denying, without explanation, LevelUp's unopposed motion for discovery concerning Barron's

subjective motivations, after the court cited the lack of evidence as a grounds for denying LevelUp's motion under 35 U.S.C. § 285.

## ARGUMENT

### A.    Standard of Review

This Court reviews all aspects of the district court's order denying LevelUp's motion pursuant to 35 U.S.C. § 285 for abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt, Sys., Inc.*, 134 S. Ct. 1744, 1748 (2014). This standard does not, however, preclude this Court from correcting factual errors in the district court's analysis. *Id.* at 1748, n.2.

In the First Circuit, a district court's order denying a discovery motion is granted deference, and will be reversed "only upon a clear showing of manifest injustice, that is, where the...order was plainly wrong and resulted in substantial prejudice." *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 186 (1st Cir. 1989).

### B.    Section 285 of the Patent Act

Section 285 of the Patent Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. In 2014, the Supreme Court ruled that there is one, and only one, prerequisite for an award of fees under Section 285: "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position…." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). In *Octane Fitness*, the Supreme Court explained that district courts

making determinations under Section 285 may exercise discretion on a case-by-case basis, while considering "the totality of the circumstances," including factors such as "frivolousness, motivation, objective unreasonableness … and the need in particular circumstances to advance considerations of compensation and deterrence." *Id*. at n.2.

This Court has explained that the primary purpose of the fee-shifting provision in Section 285 is not punitive, but is to compensate a wrongfully accused infringer for the gross injustice of defending claims that should never have been brought. *See Kilopass Tech., Inc. v. Sidense Corp.*, 738 F.3d 1302, 1313 (Fed. Cir. 2013) ("it is clear that the aim of § 285 is to compensate a defendant for attorneys' fees it should not have been forced to incur…. not to punish a plaintiff for bringing those claims."); *see also Mathis v. Spears*, 857 F.2d 749, 758 (Fed.Cir.1988) (Congress codified § 285 to make a prevailing defendant "whole").

Consistently, the Supreme Court held that an objectively meritless claim alone may warrant an award of attorney fees, regardless of the subjective state of mind of the patent holder. *Octane Fitness*, 134 S. Ct. at 1757; *see also Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prods.*, No. 2014-1174 Slip Op. at 7, n.3, 2015 WL 3893711, *3 (Fed. Cir. Jun. 25, 2015) (the subjective inquiry "remains relevant under *Octane*," but is no longer the primary focus under 285); *Kilopass*, 738 F.3d at 1311 ("[O]ne's misguided belief, based on zealousness rather than

21

reason, is simply not sufficient by itself to show that a case is not exceptional in light of objective evidence that a patentee has pressed meritless claims").

### C. The District Court Abused its Discretion by Concluding that Barron's Infringement Claim Was Not "Objectively Baseless"

In this case, where summary judgment entered immediately following the pleadings, without any dispute of fact or disagreement over claim construction, the *only* reasonable conclusion is that Barron's claim was "objectively baseless."

At summary judgment, LevelUp was required to establish that "no reasonable jury could find that every limitation recited in the properly construed claim" is found in the accused device. *See Bai v. L & L Wings, Inc.*, 160 F.3d 1350, 1353 (Fed. Cir. 1998). The district court made that determination, and entered summary judgment in favor of LevelUp, based solely on Barron's complaint and publicly observable, undisputed facts. A.109-111. No facts were revealed to Barron after the filing of his complaint (nor did he request any discovery). Barron did not dispute any fact. This also is not a case in which Barron offered a good faith construction that was rejected by the court. *See* A.113.

This immediate entry of summary judgment in favor of LevelUp means, by definition, that at the time Barron filed his complaint for patent infringement, there was no possibility that a reasonable juror could *ever* have concluded that LevelUp infringed the '873 patent. *See id*. Consequently, no patent holder could have realistically expected to succeed on the claim. This case therefore presents the

epitome of an "objectively baseless"[7] claim. *See Prof. Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 113 S. Ct. 1920, 1928 (1993) (hereinafter "*PRE*") (an "objectively baseless" claim is one for which "no reasonable litigant could realistically expect success on the merits"); *see also Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*, 687 F.3d 1300, 1309 (Fed. Cir. 2012) (Ultimately, "[t]he question is simply whether the record established in the proceeding supports a reasonable argument as to the facts and law") (vacated on other grounds Highmark, 134 S. Ct. 1744 (2014)); *Kilopass*, 738 F.3d at 1316.

The district court agreed in its April 21, 2015 Order denying LevelUp's fees motion that Barron's claim as filed was "meritless" (A.4), and the disposition of the case was "unusual," which "bears some reflection on the substantive strength of [Barron]'s claim" (A.3). LevelUp's service is, in fact, the antithesis of the methods described and claimed in the '873 patent. *See* A.17, 3:55-4:2. There are no facts, nor any claim construction, that could provide an objective basis for Barron's claim of infringement against LevelUp. Indeed, nothing illustrates the "objective

---

[7] This Court and other courts have used various terms to refer to the concept of "objective baselessness," including "objective unreasonableness" "objectively meritless," and "exceptionally meritless." This Court held recently that "objectively baseless" means an "objectively reasonable infringement position." *Biax Corp. v. Nvidia Corp.*, No. 2013-1649, 2015 WL 755940, *2 (Fed. Cir. Feb. 24, 2015) (reversing fee award where infringement position was determined to be "objectively reasonable") (non-precedetial). LevelUp suggests that there is no legal distinction between these terms, and the concept referred to by each term incorporates the "lack of probable cause" threshold discussed in *PRE*.

baselessness" of Barron's claim more than his complete inability to respond at summary judgment (just days after the pleadings) with any colorable argument. *See Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1369 (Fed. Cir. 2012) (reversing denial of motion for attorney fees after finding that "no objectively reasonable litigant, relying on [a] single sentence in the specification to support its position, would believe its claim construction could succeed").

Despite the clear lack of objective grounds for Barron's claim at the outset, however, the district court went out of its way in its Order to conclude that Barron's claim was ***not*** "objectively baseless." A.3-4. As general matter, the court's conclusion that the filing of the complaint was "objectively justified" is irreconcilable with its summary judgment ruling, immediately after the pleadings, that "no reasonable juror" could ever find infringement by LevelUp. For this reason alone, the court's order declining to find the claim objectively baseless is an abuse of discretion.

More specifically, the court's analysis supporting its denial of LevelUp's motion under Section 285 was an abuse of discretion in at least four key respects.

  1. <u>The Court Improperly Compared the Accused Product to the Patent Specification</u>

First, the court sought to justify Barron's infringement claim by stating that "[t]he technology involved in LevelUp's mobile app is ***reasonably similar*** to that described in the '873 patent." A.3-4 (emphasis added). Even if this statement was

supported by the factual record, and it is not, the description of the '873 patent does not provide any objective basis for Barron's claim of infringement. *See Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1346 (Fed. Cir. 2002) (infringement requires a comparison of ***claim*** elements to an accused device). The court's order denying LevelUp' request to declare the case "exceptional" made no comparison of the accused LevelUp mobile app or service to any claim of the '873 patent that might demonstrate an objective basis for Barron's infringement claim. A.4-5. Nor did the court cite any claim construction position that might have made a patent claim "reasonably similar" to the accused LevelUp product and provided an objective basis for Barron's claim. *Id*; A.113.

Moreover, the court's finding of "similarity" between the LevelUp mobile app and the '873 patent description is factually unsupportable. The '873 patent does not describe any mobile app or mobile device as part of the invention. Indeed, the singular focus of the '873 patent is on a method for delivering messages to persons that ***do not*** have a mobile device. *E.g.*, A.17 ('873 patent), 3:55-4:2. Because the LevelUp service, which operates through internet messaging to a mobile device, is the antithesis of the method described in the '873 patent, there is no such "similarity" supporting the court's conclusion that Barron's claim was objectively grounded.

     2.   <u>The Court Improperly Determined "Plausibility" of Barron's Claim Without Reference to Claim Elements</u>

Second, the court's April 21, 2015 order purports to find that it was "plausible that an inventor could believe, at least at the outset,[8] that LevelUp's mobile app involved a method for communicating a stored message that allows the recipient to perform a financial transaction at a 'transaction terminal.'" A.4. The conclusion drawn by the court to support "plausibility," however, is not actually a requirement of any claim.

Once again, the court relies upon a purported "objective basis" for Barron's infringement claim that is divorced from the patent claim language. Each patent claim specifically requires delivery of a message to a recipient at the same "transaction terminal" at which the recipient performs a financial transaction, ***not*** simply that the recipient performs a transaction and a message is communicated to the recipient. A.20-21. Moreover, as explained above, the court's conclusion that an "inventor" could find a claim "plausible" at the time of filing is irreconcilable with the court's conclusion at summary judgment (immediately after filing) that "no reasonable juror" could find infringement. *Supra*, pp. 22-23.

> 3. The Court Applied an Incorrect Formulation for "Objective Baselessness"

---

[8] Curiously, the court qualified this statement with the caveat "*at the outset*." However, as noted above, summary judgment entered "at the outset." There was no discovery between the time that Barron filed his complaint and the time that the district court determined that no reasonable juror could find infringement by LevelUp. All of the undisputed facts presented to the court at summary judgment were known to Barron when he filed his complaint. Barron also did not dispute the claim construction applied by the court at summary judgment.

Third, as support for its conclusion that Barron's claim was not "objectively baseless" under *Octane Fitness*, the court characterized Barron's claim as "not so far-fetched that no reasonable patent-holder would file suit." A.4. Here the court applied an improper inquiry. The concept of "objective baselessness" assesses whether a reasonable litigant would expect to succeed on the merits of claim (*i.e.*, whether there was probable cause to proceed with the claim), not whether a patent holder would file suit. *PRE*, 113 S. Ct. at 1928 (*cited in Kilopass*, 738 F.3d at 1316); *Octane Fitness*, 134 S. Ct. at 1757; *Highmark*, 687 F.3d at 1309. It would have been reasonable for a patentee to believe that he/she could extract a nuisance-value settlement from LevelUp by filing a far-fetched, but "not *so* far-fetched" patent suit. This is not, and should not be, the standard applied under Section 285. The Supreme Court's decision in *Octane* held that if the claim was "objectively baseless," meaning that no reasonable patent holder would expect to succeed on the merits, then fees are appropriate regardless of how "not so far-fetched" the claim was, or whether any patent holder would file suit. *Octane Fitness*, 134 S. Ct. at 1757.

4.    The Court Improperly Relied on Barron's Pending Appeal as Evidence of an Objective Basis

Finally, the district court supported its conclusion that Barron's claim was objectively justified by citing the fact that Barron "and his counsel continued to assert that the mobile app infringed…on appeal to the Federal Circuit." A.4-5. The

fact that Barron appealed the summary judgment ruling (and appealed only after LevelUp filed its motion for attorney fees) has no bearing whatsoever on whether there was an objective basis for his claim. The Federal Circuit panel that heard Barron's appeal did not suggest that there was any objective basis for the claim (*see* A.568-573), and the panel entered a Rule 36 judgment less than forty-eight hours after the oral argument.

5.   The Legal Precedent Cited by the Court Further Illustrates its Abuse of Discretion

The district court's April 21, 2015 order denying LevelUp's motion for fees cited only one, unpublished opinion, from the U.S. District Court for the Northern District of California, in support of its erroneous conclusion that Barron's claim was not "objectively baseless." A.4 (cit*ing EON Corp. IP Holdings LLC v. Cisco Sys. Inc.*, No. 12-CV-01011-JST, 2014 WL 3726170, *5 (N.D. Cal., July 25, 2014)). In that cited case, the district court's order denying an award of attorney fees was based on a specific finding that the patentee had a good faith claim construction argument that could have supported its claim for infringement, and which had been successfully pressed by the patentee in other cases. *EON Corp,* 2014 WL 3726170 at *5. Here, by contrast, Barron never offered a claim construction argument that might have justified his meritless claim. A.113. The *EON Corp.* case fails to support the district court's analysis in this case.

By contrast, a number of district courts have found claims to be "objectively

28

baseless" where, as in this case, a patentee is unable to proffer a plausible claim construction argument that would support a finding of infringement. *E.g., Pure Fishing, Inc. v. Normark Corp.*, No. 10-CV-2140-CMC, 2014 WL 223096, at *18 (D.S.C. Jan. 21, 2014) (finding case exceptional where patente "offer[ed] no plausible argument in favor of the one-molecule theory of claim construction"); *TNS Media Research, LLC v. TiVo Research & Analytics, Inc.*, No. 11 CIV. 4039-SAS, 2014 WL 5639930, at *8 (S.D.N.Y. Nov. 4, 2014) (finding case exceptional where "[n] o correct application of the rules of grammar could have supported [patentee's] proposed construction").

With respect to the "objective baselessness" of Barron's claim, the facts of this case are highly similar to those presented to the Federal Circuit recently in *Homeland Housewares, LLC v. Sorenson Res. & Dev. Trust,* 581 Fed. Appx. 877, 879-880 (Fed. Cir. 2014) (non-precedential).[9] In this case, the district court chose not to address the *Homeland Housewares* decision in its order denying LevelUp's motion for fees. In *Homeland Housewares*, this Court affirmed an award of more than $250,000 in attorney fees to an accused infringer following the entry of summary judgment of non-infringement. *Id*. at 881. Although that case at least presented enough of a basis for the parties to progress to discovery, the district court still found the claim to be "exceptional," without regard for the patentee's

---

[9] The *Homeland Housewares* decision was decided after briefing was complete, but was presented to the district court by counsel at oral argument.

subjective intent, because the patent holder, in response to summary judgment, "produced no admissible evidence that [Defendant's] products infringed three claim limitations of the [asserted] patent." *Id.* at 879-80 ("Regardless of the adequacy of its pre-filing investigation or [patentee's] state of mind, it was clear and convincing misconduct to make [Defendant] litigate infringement given the state of [patentee's] evidence."). This case, in which the patentee could not present even a single dispute of fact supporting an infringement claim, or enough argument to proceed to discovery, presents an even more extremely unjustified "state of patentee's evidence" than in *Homeland Housewares*. *See id*.

Importantly, this is not a case in which an inexperienced or *pro se* patentee simply failed to understand its obligation to produce evidence of infringement at summary judgment. Barron's lead trial counsel, John Mirick, is an experienced litigator, well known within the bar in Worcester, Massachusetts, who appears frequently before the Worcester division of the district court, and the sole judge in that division, where Barron (also a Worcester resident) filed his complaint. www.mirickoconnell.com. Rather, this was simply a case of a patentee attempting to extort a settlement using a frivolous infringement claim with absolute disregard for his inability to justify his claim with any evidence, or any colorable argument.

Because the facts and circumstances in this case compel the conclusion that Barron's claim was "objectively baseless," the district court's strained effort to

find Barron's claim well founded was an abuse of discretion.

### D. The District Court Abused its Discretion by Relying on a Lack of Evidence Concerning Barron's Subjective Intentions

The district court, in addition to concluding that Barron's infringement claim was not baseless, also refused to "draw the inference that [Barron] sought payment [from LevelUp] in bad faith." A.4. The court cited two supporting factors for refusing to infer bad faith by Barron: (1) that "[Barron]'s counsel investigated the LevelUp product for several months"; and (2) that "[t]here is no evidence that [Barron] or his counsel knew that the claim lacked merit but pursued it anyway." *Id*. As explained below, the court's reliance on each of these factors was an abuse of discretion. Indeed, it was error even to weigh such subjective factors on par with the objective evidence.

#### 1.  The Court Ignored that Barron Falsified His Alleged Pre-Filing Investigation

In finding that Barron's counsel "investigated LevelUp for several months" prior to his complaint, the district court chose to rely solely upon a demonstrably false affidavit that Barron submitted to the court concerning his alleged investigation. In his opposition to LevelUp's motion, Barron presented the court with a declaration of Gary Engelson, the attorney that prosecuted the '873 patent, in which Attorney Engelson stated that he personally "investigated the possibility of infringement" by LevelUp "over the span of approximately six months, from

January, 2013 to June, 2013." A.407-409 at ¶ 7. He stated that his investigation included "sign[ing] up as a customer of LevelUp so [he] could use the system and make personal observations of its functionality." *Id*.

As explained above (*supra*, pp. 14-16), however, Attorney Engelson did not use the LevelUp service between January and June 2013. A.419-420, ¶ 2. At the time of Barron's complaint, Attorney Engelson had not used the LevelUp app for over a year, meaning that he never initiated a transaction using the LevelUp scanners that Barron accused of infringement. *Id*. at ¶ 3.; A.569 (Fed. Cir. Tr.) at 2:20-23. Mr. Barron first used the LevelUp service in September 2013, only after LevelUp filed its motion for summary judgment of non-infringement. A.420, ¶ 4.

Once shown to be false, Barron did not attempt to defend or explain Attorney Engelson's statements. Instead, in a sur-reply, Barron asserted that a third attorney who was never before disclosed to LevelUp or the court actually conducted the infringement investigation for Barron. A.425, ¶ 4. However, neither Barron nor the third attorney submitted a declaration to the court.

The court's failure to address this evidence of Barron's bad faith, while choosing instead to rely expressly upon the adequacy of Barron's pre-filing investigation as a factor for denying LevelUp's motion, was an abuse of discretion. *See Kilopass*, 738 F.3d at 1310 (criticizing the court because its order denying fees "focused exclusively on evidence it considered to be indicative of good faith on

[patentee's] part.").

### 2.    The Court Abused its Discretion by Relying on a Lack of Evidence Demonstrating Barron's Actual Knowledge

The district court's April 21, 2015 order denying LevelUp's motion for fees pointed out that there was no direct evidence proving that Barron "or his counsel knew that the claim lacked merit but pursued it anyway." A.4. The lack of evidence is unremarkable, given that there was no discovery conducted in the case by either party. Even had LevelUp been permitted to conduct the limited discovery it requested, however, such direct evidence of bad faith by a patentee is rare. *See Kilopass*, 738 F.3d at 1310. As such, even prior to *Octane Fitness*, this Court required only that an accused infringer show circumstantial evidence of bad faith or recklessness by a patentee in order to recover under Section 285. *See Kilopass*, 738 F.3d at 1310 (a showing of "subjective bad faith only requires proof that the lack of objective foundation for the claim 'was *either* known *or* so obvious that it should have been known' by the party asserting the claim."); *see also Eltech Sys. Corp. v. PPG Indus., Inc.*, 903 F.2d 805, 810 (Fed. Cir. 1990) ("A party confronted with the difficulty of proving what is in an adversary's mind must be at liberty to prove facts establishing that that adversary should have known, *i.e.* to prove facts that render the 'I didn't know' excuse unacceptable.").

The circumstantial evidence, which was essentially ignored in the court's order, presents a compelling case of bad faith by Barron (even without further

discovery). First, and most critically, the district court's summary judgment ruling held, on the record that existed at the time of Barron's complaint, that no reasonable juror could ever have found infringement by LevelUp. A.111-115 (Order). Given that a reasonable juror could not have found merit in the claim as filed, there is no good faith scenario that can explain Barron being ignorant of the lack of merit in his claim. In cases such as this, the extreme lack of merit in a claim may be alone sufficient to prove bad faith. *Octane Fitness*, 134 S. Ct. at 1757*; see Eltech*, 903 F.2d at 811 (where "the patentee is manifestly unreasonable in assessing infringement, while continuing to assert infringement in court, an inference is proper of bad faith."); *see also Kilopass*, 738 F.3d at 1314 (Objective baselessness alone can create a sufficient inference of bad faith to establish exceptionality under § 285, unless the circumstances as a whole show a lack of recklessness on the patentee's part.).

Second, the court's April 21, 2015 order summarily dismissed evidence of repeated refusals by Barron's counsel to discuss the merits of the claim in connection with Barron's demands for settlement payments. A.4. In the context of an ongoing litigation, a settlement demand, without more, may not suggest nefarious intent. But in this case, Barron's counsel's refusal on multiple occasions even to discuss the merits of an allegedly frivolous claim (*see* A.145-146), while demanding offers of payment, constitute clear "indicia of extortion." *See Eon–Net*

*LP v. Flagstar Bancorp*, 653 F.3d 1314, 1326 (Fed. Cir. 2011). Indeed, Barron never once attempted to justify his claim substantively in response to LevelUp's July 2013 letter explaining the lack of infringement. A.189-190.

The court's conclusion concerning Barron's subjective intent based on the absence of evidence of bad faith, while ignoring critical direct and circumstantial evidence, was an abuse of discretion.

### 3. The Court Further Abused its Discretion by Weighing Subjective Factors Over Objective Evidence

In addition to making unsupported conclusions about Barron's subjective intent, the district court further abused its discretion by weighing subjective factors on par with, or even more heavily than, the court's objective analysis of Barron's claim as part of its "totality of the circumstances" analysis under Section 285. This Court has made clear that objective evidence is still the strongest and primary indicator of "exceptional" cases. *Kilopass*, 738 F.3d at 1311 ("The primacy of objective evidence over assertions of subjective good faith or lack of knowledge is well established in our § 285 case law."); *see also Gaymar Indus.*, No. 2014-1174, 2015 WL 3893711, *3. This remains true even within the totality analysis required by *Octane Fitness*. 134 S. Ct. at 1756. The court's reliance on subjective conclusions over the clear objective evidence was therefore an abuse of discretion.

### E. The District Court Improperly Weighed the Fact that Barron Is Not a "Patent Assertion Entity" as the "Most Significant" Factor Under Section 285

The district court's April 21, 2015 order explains that the "[m]ost significant[ ]" factor in the court's assessment of the totality of the circumstances under Section 285 was "considerations of compensation and deterrence." A.4. In actuality, the court addressed only considerations of "deterrence," rather than "compensation." A.4-5. The court specifically found "most significant" the fact that Barron "is not a patent-assertion entity that has repeatedly filed frivolous claims to extract nuisance settlements." A.5. As such, the court ruled that the factor of "deterrence" was "not sufficiently implicated to justify an award of fees." *Id*. The court's focus on Barron's status as an individual, rather than an assertion entity, as the "most significant" factor under Section 285 was improper, and an abuse of discretion.

First, neither the Supreme Court nor this Court has held that Section 285 should be available ***only*** (or even primarily) in response to claims by a "patent-assertion entity" ("PAE"). To be sure, some PAEs have been responsible for frivolous patent litigation and extortionate practices. *See Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1930 (2015) ("The Court is well aware that an 'industry has developed in which firms use patents not as a basis for producing and selling goods but, instead, primarily for obtaining licensing fees'…. Some companies may use patents as a sword to go after defendants for money, even when their claims are frivolous."). But there is no distinction under Section 285

between an individual like Barron that asserts a frivolous patent infringement claim in an attempt to extort a settlement, and an individual that assigns the patent to a PAE for the same purpose. *See Octane Fitness*, 134 S. Ct. at 1756. The damage inflicted wrongfully on the accused infringer is identical in both cases.

LevelUp, even in its short history, has already experienced the problem from all types of patent holders. Between 2011 and 2013 LevelUp was sued four times for patent infringement. All of the claims were frivolous, and clear attempts to extort nuisance value settlements.[10] Two of the four cases were filed by individual inventors. The other two were filed by PAEs established solely to hold and assert the patents. The costs incurred by LevelUp unnecessarily to defend the frivolous cases were similar in each instance. The need for "deterrence" of clearly meritless infringement claims, as an effort to extract nuisance value settlements, exists irrespective of the identity of the patentee.

Second, separate and apart from the court's improper distinction between a PAE and individual inventor, the court also abused its discretion simply by weighing "deterrence" as the "most significant" factor in its analysis. Although "compensation and deterrence" is a relevant factor, this Court's precedent prevents a court from elevating "deterrence" as a determinant above objective evidence of the "exceptional" nature of a case. *Kilopass*, 738 F.3d at 1311. Even within the

---

[10] All four cases are now resolved. LevelUp has never paid any consideration in connection with the resolution of any claim for patent infringement.

37

category of "compensation and deterrence" as a relevant factor, this Court's precedent is clear that the purpose of Section 285 is primarily ***compensatory***, rather than deterrent. *See Kilopass* 738 F.3d at 1313 ("it is clear that the aim of § 285 is to compensate a defendant for attorneys' fees it should not have been forced to incur. The aim is not to punish a plaintiff for bringing those claims"). In this case, while focusing on a perceived lack of need for deterrence, the district court failed to consider the appropriateness of compensation in this case.

Compensation should have been a key consideration in this case. Even with the efficient resolution of Barron's frivolous claim by the district court, LevelUp was forced to incur $84,447.56 in attorney fees and costs through the entry of judgment (and excluding the additional fees and costs incurred since July 2014 in connection with LevelUp's fees motion and Barron's frivolous appeal). A.147-150. LevelUp should never have been forced to incur that expense. Barron persisted in litigating his claim through summary judgment, and through an appeal, even though Barron disputed no facts, had no colorable theory of infringement, and had no ability or intention to respond on the merits at summary judgment. The expense imposed by Barron on LevelUp caused real harm. LevelUp is still a startup-phase company. A.150. The expense from Barron's frivolous claim equated to approximately one full-time hire, and directly affected LevelUp's hiring plans in 2013 and 2014. As such, the factor of "compensation," ignored by the district

court, favors an award of attorney fees in this case. The court's failure to consider the factor, while relying "most significantly" on the need for "deterrence," was an abuse of discretion.

### F.    Barron Does Not Dispute the Reasonableness of the Fees and Costs Requested by LevelUp

In the district court, LevelUp presented evidence supporting its request to recover a total of $84,447.56 in attorney fees and costs, including detailed time records of outside counsel. A.147-150, ¶¶ 22-29; A.201-209. The costs incurred by LevelUp were relatively limited because LevelUp was able to utilize in-house counsel as lead litigation counsel for much of the dispute. A.149. Barron did not dispute the reasonableness of the amount of fees requested by LevelUp.

### G.    The District Court Abused its Discretion by Denying LevelUp's Motion for Limited Discovery

LevelUp contends that its motion pursuant to Section 285 could (and should) be resolved based solely on the objective frivolousness of Barron's claim, irrespective of his subjective intent. Nevertheless, LevelUp filed a motion for limited discovery in the district court concurrent with its motion under Section 285, seeking leave[11] to conduct discovery concerning Barron's subjective intent and his pre-filing investigation of LevelUp. A.384-386. LevelUp specifically requested four interrogatories, four requests for production, and a deposition. *Id*. For

---

[11] LevelUp required leave to propound any discovery because the court disposed of Barron's claim before holding any scheduling conference.

example, the proposed discovery attached to LevelUp's motion sought information concerning: (1) "efforts made by [Barron] to investigate…the infringement alleged in [his] Complaint" (Int. No. 1); (2) any reliance on advice of counsel as a good faith basis for the filing of the complaint (Int. No. 2); and, (3) the identity of other entities that Barron contacted concerning suspected or alleged infringement (Int. No. 4). A.388-393.

Barron did not oppose LevelUp's discovery motion. Still, the district court denied the motion without explanation or analysis. A.5.

The district court's April 21, 2015 order declining to find Barron's claim "exceptional" relied expressly upon the absence of the evidence that LevelUp's discovery motion sought to obtain. For example, the court's order relied specifically on: (1) Barron's unilateral and unchallenged statements about his pre-filing investigation (while ignoring facts demonstrating falsity of those statements, *see supra*, pp. 14-16); (2) grounds that there was "***no evidence***" that Barron or his litigation counsel knew that their claim against LevelUp was baseless (A.4 (emphasis added)); and (3) a unilateral assertion by Barron that he was asserting his patent "***for the first time***."[12] (A.5 (emphasis original)). These three statements by the district court map identically to the three areas of discovery that the court denied LevelUp the opportunity to conduct.

---

[12] The court characterized this assertion by Barron as "undisputed" despite the lack of discovery on the issue. A.5.

Because the court relied upon on these three areas of evidence absent from the record, each being specifically targeted by LevelUp's unopposed motion for limited discovery, the court's unexplained denial of LevelUp's discovery motion resulted in a gross injustice and substantial prejudice to LevelUp. *Mack*, 871 F.2d at 186. Indeed, the summary denial suggests that the district court gave no consideration to the possibility that LevelUp's requested discovery might turn up evidence that would support LevelUp's motion for attorney fees. To the extent this Court does not reverse the district court's order denying an award of attorney fees to LevelUp, and it should, the Court should reverse the denial of LevelUp's discovery motion and remand for further proceedings.

## CONCLUSION AND STATEMENT OF RELIEF SOUGHT

LevelUp requests that this Court reverse the district court's denial of LevelUp's motion to declare the case "exceptional" and award LevelUp $84,447.56 in attorney fees and costs (which amount was not disputed by Barron). Alternatively, LevelUp requests that the Court vacate the district court's denials of LevelUp's motion pursuant to Section 285 and LevelUp's unopposed motion for related discovery, and remand to the district court for further proceedings.

LevelUp also requests that this Court award LevelUp the costs incurred in prosecuting this appeal pursuant to Rule 39 of the Federal Circuit's Rules and the Federal Rules of Civil Procedure.

Dated: June 29, 2015                    Respectfully Submitted,

                                        /s/ Brian C. Carroll
                                        BRIAN C. CARROLL
                                        General Counsel
                                        **SCVNGR, Inc. d/b/a LevelUp**
                                        101 Arch Street, Suite 400
                                        Boston, MA 02110
                                        (617) 279-2133
                                        bcarroll@thelevelup.com

                                        PHILIP C. SWAIN
                                        **FOLEY HOAG LLP**
                                        155 Seaport Boulevard
                                        Boston, MA 02120
                                        (617) 832-1000
                                        Pswain@foleyhoag.com

                                        *Attorneys for Defendant-Appellant*
                                        *SCVNGR, Inc. d/b/a LevelUp*

**ADDENDUM**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| _____ | |
| JACK BARRON, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **NO. 13-40084-TSH** |
| SCVNGR, INC. d/b/a/ LEVELUP, ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**ORDER AND MEMORANDUM OF DECISION ON DEFENDANT'S MOTIONS FOR
ATTORNEY FEES AND COSTS (Docket No. 35) AND DISCOVERY (Docket No. 38)**

**April 21, 2015**

**HILLMAN, D.J.**

Pending before the Court are motions arising out of a patent infringement action filed by

Plaintiff Jack Barron ("Plaintiff") against Defendant SCVNGR, Inc. d/b/a LevelUp ("Defendant"

or "LevelUp"). On July 7, 2014, the Court entered summary judgment in Defendant's favor.

Defendant has now moved for an order directing Plaintiff to pay attorney's fees and costs

pursuant to 35 U.S.C. § 285, (Docket No. 35), and for leave to conduct discovery in support of

the motion for fees. (Docket No. 38). For the reasons set forth below, the motions are ***denied***.

**Background**

Plaintiff owns U.S. Patent No. 7,499,873 (the '873 patent), which claims methods for

communicating a message from a sender to a recipient that allows the recipient to perform a

financial transaction at a "transaction terminal." The method allows a sender to input a message

into a system that then stores the message and forwards it to the intended recipient. The recipient

1

can then perform a financial transaction at a transaction terminal, such as an ATM or a "point of sale" terminal. LevelUp has created a mobile phone app that allows consumers to pay for goods and services with a two-dimensional bar code on their phone's screen. Merchants who want to use the service install a LevelUp scanner to scan a customer's bar code. Once the bar code has been scanned, the scanner sends the encoded information from the bar code to a LevelUp server. The server retrieves the customer's stored bank account information and submits the transaction for authorization.

On July 10, 2013 Plaintiff filed this action against LevelUp, alleging that LevelUp's mobile phone app infringed the '873 patent. LevelUp filed two counterclaims, seeking declaratory judgment of non-infringement (Count I) and invalidity (Count II). Shortly thereafter LevelUp moved for summary judgment on the issue of infringement, on the basis that the service does not involve the sending and receipt of messages at a transaction terminal. The Court adopted the construction of the claim term "transaction terminal" proposed by LevelUp: "a device that communicates financial transaction information for authorization via a secure financial network."[1] *See* Docket No. 31, at 5. Using this construction, the Court found that LevelUp does not infringe the '873 patent, because neither the mobile phone nor the LevelUp scanner operates as a transaction terminal. *Id.* at 6. Consequently, the Court entered judgment in LevelUp's favor.[2] *See* Docket No. 32. LevelUp now moves for attorney's fees and costs under 35 U.S.C. § 285, as well as leave to conduct discovery in support of the motion for fees.

---

[1] Plaintiff did not offer an alternative construction, but argued that a variety of devices can be used as a transaction terminal.

[2] The judgment was affirmed by the Federal Circuit on March 6, 2015. On December 17, 2014 LevelUp voluntarily dismissed, without prejudice, its counterclaim for a declaration of patent invalidity.

2

## Discussion

Section 285 of the Patent Act grants federal district courts the discretion to award attorney fees and costs to a prevailing defendant in "exceptional cases." 35 U.S.C. § 285. In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, the Supreme Court provided guidance on this fee-shifting provision:

> An "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

134 S.Ct. 1749, 1754 (2014). The Court pointed to a non-exclusive list of factors a district court may consider in evaluating whether a case is exceptional, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n.6. Courts have also historically examined whether the plaintiff engaged in any preparation and investigation prior to the filing of the infringement claim. *Superior Fireplace Co. v. Majestic Prods. Co.*, 270 F.3d 1358, 1378 (Fed. Cir. 2001).

LevelUp argues that this case is exceptional because it was objectively baseless and motivated by Plaintiff's desire to extract a large settlement. LevelUp further contends that considerations of compensation and deterrence warrant fee-shifting. The Court disagrees.

First, the Court rejects the contention that the case was objectively baseless. To be sure, this case was unusual in that LevelUp moved for—and the Court granted—summary judgment prior to any scheduling conference or discovery. This bears some reflection of the substantive strength of Plaintiff's claim, but does not require the conclusion that the action was *exceptionally* meritless. The technology involved in LevelUp's mobile app is reasonably similar to that

3

described in the '873 Patent. It is plausible that an inventor could believe, at least at the outset, that LevelUp's mobile app involved a method for communicating a stored message that allows the recipient to perform a financial transaction at a "transaction terminal." Although this Court found Plaintiff's claim to be meritless, it was not so far-fetched that no reasonable patent-holder would file suit. Indeed, Plaintiff and his counsel continued to assert that the mobile app infringed the '873 Patent on appeal to the Federal Circuit, arguing that a LevelUp user's phone functions as a "transaction terminal." Consequently, the Court finds that Plaintiff's claim was not objectively baseless. *See EON Corp. IP Holdings LLC v. Cisco Systems, Inc.*, Case No. 12-CV-01011-JST, 2014 WL 3726170, *5 (N.D. Cal. July 25, 2014) (declining to award fees where Plaintiff's argument, although so "stretched . . . that few patentees would pursue it," was not so meritless that no reasonable patentee would pursue it).

Nor does the Court find fault in Plaintiff's litigation strategy. Plaintiff's counsel investigated the LevelUp product for several months before inviting LevelUp to negotiate a license agreement to avoid litigation. LevelUp ignored Plaintiff's request, and so it was not unreasonable for Plaintiff to file suit. There is no evidence that Plaintiff or his counsel knew that the claim lacked merit but pursued it anyway, and the Court declines to draw the inference that Plaintiff sought payment in bad faith from the mere fact that Plaintiff's counsel asked LevelUp to discuss settlement options.

Most significantly, the Court finds that considerations of compensation and deterrence do not warrant fee-shifting in this case. In support of its argument, LevelUp relies primarily on *Lumen View Technology, LLC v. Findthebest.com, Inc.*, No. 13 CIV. 3599, 2014 WL 2440867 (S.D.N.Y. May 30, 2014). In that case, the court awarded fees after entering an early summary judgment order in favor of the defendant. *Id.* at *6-7. Central to the result was the fact that the

4

plaintiff had filed at least twenty boilerplate infringement claims against various companies over the course of two years, suggesting that the lawsuit was "part of a predatory strategy aimed at reaping financial advantage from the inability or unwillingness of defendants" to litigate even frivolous claims. *Id.* at *2, 7. Unlike in *Lumen View*, however, the plaintiff in this case is not a patent-assertion entity that has repeatedly filed frivolous claims to extract nuisance settlements. It is undisputed that Mr. Barron is an individual inventor, asserting his property rights under the '873 patent *for the first time*. The Court is sensitive to the costs imposed on businesses like LevelUp as a result of frivolous infringement litigation. However, given the facts of this case, the policy considerations of compensation and deterrence are not sufficiently implicated to justify an award of fees.

Based on the totality of the circumstances, the Court finds that this case is not "exceptional" under 35 U.S.C. § 285, and that further discovery on this issue is unwarranted.

## Conclusion

For the foregoing reasons, Defendant's Motion for Attorney Fees and Costs (Docket No. 35) is ***denied***; and Defendant's Motion for Leave to Conduct Discovery (Docket No. 38) is ***denied***.


**SO ORDERED.**


*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**

5

# CERTIFICATE OF SERVICE

I hereby certify that, on June 29, 2015, I served a copy of the foregoing document on counsel of record via the Court's CM/ECF system and by email to the following addressees:

> John O. Mirick, Esq.
> David L. Fine, Esq.
> Mirick, O'Connell, DeMallie & Lougee, LLP
> 100 Front Street
> Worcester, MA 01608
> (508) 791-8500
> jmirick@mirickoconnell.com
> dfine@mirickoconnell.com

Dated: June 29, 2015

*/s/ Brian C. Carroll*
BRIAN C. CARROLL
General Counsel
**SCVNGR, Inc. d/b/a LevelUp**
101 Arch Street, Suite 400
Boston, MA 02110
(617) 279-2133
BCarroll@thelevelup.com

*Attorney for Defendant-Appellant*
*SCVNGR, Inc. d/b/a LevelUp*

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of Federal Rule of

Appellate Procedure 32(a)(7)(B)(i).

2.      Exclusive of the portions of the brief exempted by Federal Rule of

Appellate Procedure 32(a)(7)(B), the brief contains 9,488 words.

3.      The brief complies with the typeface requirements of Federal Rule of

Appellate Procedure 32(a)(5) and the type-style requirements of

Federal Rule of Appellate Procedure 32(a)(6).  This brief has been

prepared in proportionally spaced typeface using Microsoft Word for

Mac 2011 (v.14.4.3) in 14-point Times New Roman font.


Dated: June 29, 2015                    */s/ Brian C. Carroll*
                                        BRIAN C. CARROLL
                                        General Counsel
                                        **SCVNGR, Inc. d/b/a LevelUp**
                                        101 Arch Street, Suite 400
                                        Boston, MA 02110
                                        (617) 279-2133
                                        BCarroll@thelevelup.com

                                        *Attorney for Defendant-Appellant*
                                        *SCVNGR, Inc. d/b/a LevelUp*